**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TERRA JENNINGS, et al.,                                    Case No. 1:20-cv-464
        Plaintiffs,                                                    Litkovitz, M.J.

        v.

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY, et al.,            **ORDER**
        Defendants.

## I.  Introduction

Plaintiffs Terra Jennings and John Jennings bring this action alleging bad faith and

breach of contract claims against defendants Allstate Vehicle and Property Insurance Company

("Allstate") and Integon National Insurance Company ("Integon").  (Doc. 1).  This matter is

before the Court on defendants' joint motion to bifurcate and stay discovery (Doc. 7), plaintiffs'

memorandum in opposition to defendants' motions (Doc. 18), and defendants' reply

memorandum (Doc. 26).

## II.  Factual allegations

Plaintiffs make the following factual allegations in the complaint: Plaintiffs owned a

residence in Hamersville, Ohio.  (Doc. 3 at ¶ 1).  In 2016, Integon[1] issued an insurance policy to

plaintiffs.  (*Id*. at ¶ 3).  On July 27, 2018, while the insurance policy was in effect, plaintiffs

sustained a casualty loss to the residence.  (*Id*.).  Plaintiffs allege that weather conditions caused

extensive damage to the residence.  (*Id*. at ¶¶ 3, 8-12).  Plaintiffs secured a third-party appraiser

pursuant to the terms of the insurance policy.  (*Id*. at ¶ 15).  The appraiser determined plaintiffs'

---

[1] By agreed entry, Integon National Insurance Company was substituted in place of the originally named defendants, National General Insurance and National General Insurance Marketing, Inc.  *See* Doc. 1-4, PageID 34.

losses to be $96,569, while Integon determined plaintiffs' losses to be $11,531. (*Id*. at ¶ 16).  To avoid payment for the losses covered under the policy, Integon opened an investigation into plaintiffs' losses. (*Id*. at ¶ 17).  Plaintiffs allege breach of contract and bad faith claims based on Integon's failure to pay for losses under the insurance policy.

Plaintiffs also allege that on August 17, 2018, Allstate issued an insurance policy covering the residence. (*Id*. at ¶ 5).  On May 3, 2019, while the Allstate insurance policy was in effect, damage was caused to the residence. (*Id*. at ¶¶ 20, 21).  Allstate determined plaintiffs' losses to be $71,446. (*Id*. at ¶ 23).  Plaintiffs agreed that $71,446 was sufficient to cover the losses to the residence. (*Id*.).  However, Allstate refused to make payment under the policy.  Allstate advised that no payments would be made until it completed an investigation into plaintiffs' requests for payment under the additional living expense provision of the insurance policy. (*Id*. at ¶¶ 24, 25).  Plaintiffs allege breach of contract and bad faith claims based on Allstate's failure to pay for losses under the insurance policy.

## III.  Motion to Bifurcate and Stay Discovery

Defendants ask the Court to bifurcate plaintiffs' breach of contract and bad faith claims into separate trials and to stay discovery relating to plaintiffs' bad faith claims until the breach of contract claims are resolved.  Citing to Ohio District Court of Appeals cases, defendants argue that a trial court abuses its discretion when it fails to bifurcate and stay discovery on the bad faith causes of action.  Defendants also argue that they would be prejudiced by a lack of bifurcation because plaintiffs could obtain discovery materials showing how defendants analyzed and evaluated the property damage claims.  Defendants assert that disclosure of their processes of evaluation of the claims could prejudice their defense.

Defendants' motion to bifurcate relies on Ohio Rev. Code § 2315.21(B)(1) as statutory authority for the Court to grant its motion. Ohio Rev. Code § 2315.21(B)(1) states, in pertinent part:

> In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated[.]

Defendants' reliance on Ohio law for bifurcation is misplaced. In a federal action, the question of bifurcation of claims "is a procedural, and not substantive, matter. . . ." *Pryor v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-cv-312, 2017 WL 354228, at *2 (S.D. Ohio Jan. 23, 2017). Therefore, Federal Rule of Civil Procedure 42 governs whether bifurcation is appropriate in this case. *Id. See also Oster v. Huntington Bancshares*, No. 2:15-cv-2746, 2017 WL 3208620, at *2 (S.D. Ohio Jul. 28, 2017) (holding that bifurcation is a procedural matter under Fed. R. Civ. P. 42(b) as opposed to, and despite the existence of, Ohio Rev. Code § 2315.21(B)(1)); *Excel Direct, Inc. v. Nautilus Ins. Co.*, No. 2:16-cv-446, 2017 WL 127480, at *1 (S.D. Ohio Jan. 13, 2017). Fed. R. Civ. P. 42(b) provides:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to bifurcate claims and stay discovery "[i]s within the Court's sound discretion and should be based on the particular circumstances of each case." *Excel Direct, Inc.*, 2017 WL 127480, at *1. "Bifurcation is reserved for exceptional cases." *Oster*, 2017 WL 3208620, at *2. And, "[t]he party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010).

Defendants ask the Court to bifurcate the breach of contract and bad faith claims to prevent the disclosure of its processes for evaluating plaintiffs' insurance claims.  Defendants specifically claim that failing to bifurcate the claims will cause them prejudice because "it would potentially allow the Plaintiffs to obtain file materials showing how the Defendants analyzed and evaluated her (sic) claims, which goes to the primary issue in this case, property damage, i.e., the value of the claims."  (Doc. 7 at 5).

Although defendants assert they will be prejudiced without bifurcation of the claims, "[a] mere assertion of prejudice is insufficient—'a defendant must make a specific showing that the discovery will prejudice its defense.'"  *Excel Direct*, *Inc*., 2017 WL 127480, at \*2 (citing *Wolkosky v. 21st Century Centennial Ins. Co*., No. 2:10-cv-439, 2010 WL 2788676, at \*4 (S.D. Ohio Jul. 14, 2010)).  *See also Woods*, 2010 WL 1032018, at \*3 (holding that "[a] defendant cannot rely on mere assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required.").  Previous decisions from this Court guide the undersigned's decision in this matter.

 In *Excel Direct, Inc.*, the defendant insurance company filed a motion to bifurcate and stay discovery of a bad faith claim.  *Excel Direct, Inc.*, 2017 WL 127480, at \*1.  The insurance company argued that bifurcation was necessary to prevent disclosure of prematurely protected and privileged materials.  *Id*. at \*2.  In denying the motion for bifurcation, the Court held that the insurance company failed to make a specific showing of prejudice to its defense, but rather relied on mere assertions that the alleged discovery would prejudice its defense.  *Id*.  Similarly, in *Pryor*, the Court denied the defendant's motion for bifurcation because the defendant did not present the court with "*specific* information related to judicial economy, potential prejudice, or convenience to the parties to suggest that bifurcation is required[.]"  *Pryor*, 2017 WL 354228, at

*3 (emphasis in original). The Court denied the motion for bifurcation because it was only supported by "generalized objections and no specific showing of prejudice." *Id.*

Similar to *Pryor* and *Excel Direct, Inc.*, defendants here have not met their burden of proof to justify bifurcation. Defendants merely assert that plaintiffs *could* obtain file materials showing how the claims were analyzed and evaluated. Without articulating specific facts showing prejudice, defendants speculate that plaintiffs could "discover the insurer's thoughts, discussions, and considerations in evaluating the claim, along with any ideas and discussions that may impact the insurer's defense to the underlying claim for damages." (Doc. 7 at 5). Further, defendants have made no showing relating to judicial economy or convenience to the parties as contemplated in Fed. R. Civ. P. 42.

Defendants also assert that bifurcation is necessary because an insurer cannot be found to have acted in bad faith if there is no coverage for the underlying claim. However, "a defendant may not rely on the mere possibility that resolution of the coverage issue may preclude plaintiff's bad faith claim." *Woods*, 2010 WL 1032018, at *3. This reason alone does not outweigh the judicial economy and convenience of allowing discovery to proceed on both the bad faith and breach of contract claims simultaneously.

## IV. Conclusion

The Court finds that bifurcation and a stay of discovery on the bad faith claim is not warranted at this stage of the proceedings. Defendants' blanket assertion of prejudice lacks the specificity and particularity necessary to sustain their burden of proof. The issues of whether there is coverage under the insurance policies and whether defendants denied coverage in bad faith arise out of the same set of facts and are closely intertwined. To bifurcate the issues would neither expedite this litigation nor promote judicial economy. The Court therefore exercises its

discretion to deny defendants' joint motion to bifurcate and stay discovery on the bad faith claim at this time.  The Court will reconsider this issue if it appears after the completion of discovery that defendants will suffer legal prejudice if the issues are not bifurcated.[2]

**IT IS THEREFORE ORDERED THAT:**

Defendants' Motion to Bifurcate and Stay Discovery (Doc. 7) is **DENIED**.


Date: __12/01/2020__

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Nothing in this decision prevents defendants from challenging the production of privileged materials under the Federal and Local Rules at an appropriate time.